IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER A. SANDERS, et al.** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | **NO. 14-7253** |
| **ETHICON, INC., et al.** | : | |

# MEMORANDUM

**KEARNEY, J.** **April 16, 2015**

Plaintiffs, citizens of Lebanon County, Pennsylvania, claim Defendants' Power Morcellator surgical device employed during laparoscopic surgery in Dauphin County, Pennsylvania caused them damage.[1] Defendants are citizens of New Jersey and Ohio. At this stage, the identified witnesses are located in the Middle District of Pennsylvania, the District of New Jersey or the Southern District of Ohio. (ECF Doc. No. 36-1) There is no connection to this District other than Defendants' New Jersey headquarters are within this Court's one hundred mile trial subpoena power. Defendants, however, agree to produce their subpoenaed witnesses within one hundred miles of the Eastern District of Pennsylvania even if the matter is transferred to the Plaintiffs' home forum. Absent any persuasive reason to retain venue, we transfer this

---

[1] Defendants are Ethicon, Inc., Ethicon Women's Health & Urology (A Division of Ethicon, Inc.), Ethicon Endo-Surgery, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson and MedTech Group, Inc. (collectively, "Ethicon Defendants"). In our March 31, 2015 Order, Plaintiffs' claims against Defendant HEI, Inc. were dismissed without prejudice. (ECF Doc. No. 35) Defendant MedTech Group, Inc. is now known as Vention Medical, Inc. (ECF Doc. No. 37, Defs' Mem. in Supp., 1.)

matter pursuant to 28 U.S.C. §1404(a) to the United States District Court for the Middle District of Pennsylvania.[2]

***This action could have been brought in the Middle District.***

Under 28 U.S.C. §1404(a), a district court "[f]or the convenience of parties and witnesses, in the interest of justice, . . . may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation omitted); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).

Under §1404(a), we first ask whether the alternate venue is one in which the case "might have been brought." 28 U.S.C. §1404(a). Plaintiffs Jennifer and Randall Sanders reside within the Middle District, Mrs. Sanders' surgery occurred in the Middle District and her post-surgery treatment, as well as her continuing treatment, occurred and continue to occur within the Middle District. A substantial part of the events giving rise to Plaintiffs' claims occurred in the Middle District of Pennsylvania. This action could have been properly brought there. *See* 28 U.S.C. §1391(b)(2).

---

[2] Our March 23, 2015 Order required the parties to brief the potential transfer pursuant to 28 U.S.C. §1404 or §1406. (ECF Doc. No. 33) The Ethicon Defendants argued in support of a transfer to the Middle District. (ECF Doc. No. 37) We may *sua sponte* transfer venue under §1404(a). *See, e.g., Robinson v. Verizon Commc'ns*, No. 11-1709, 2011 WL 6779328, *1 n.1 (E.D. Pa. Dec. 27, 2011); *Bank Express Int'l v. Kang*, 265 F.Supp. 2d 497, 507 n.12 (E.D. Pa. 2003); *Wright v. PA Dept. of Correction*, No. 14-1678, 2015 WL 401685, *12 (W.D. Pa. Jan. 28, 2015); *Anderson v. Zobaytne*, No. 13-475, 2013 WL 2404163, *2 (W.D. Pa. May 31, 2013); *Ziemkiewicz v. R & L Carriers, Inc.*, No. 12-1923, 2013 WL 505798, *1 (D.N.J. Feb. 8, 2013).

***Jumara factors warrant transfer to the Middle District.***

We then ask whether *Jumara's* private and public interest factors support a transfer for the convenience of the parties and witnesses and in the interests of justice. The party seeking the transfer bears the burden of establishing the need for the transfer. *Jumara*, 55 F.3d at 879. The *Jumara* private interest factors include:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara*, 55 F.3d at 879 (citations omitted).

The public interest factors include:

> [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted).

The totality of the private interest factors weigh in favor of transfer to the Middle District. Although a district court should generally defer to a plaintiff's choice of forum, the "choice receives less deference when plaintiff files suit outside of plaintiff's home forum" and is "given less weight where none of the operative facts of the action occur in the forum selected by the plaintiff." *Kiker v. SmithKline Beecham Corp.*, No. 14-1445, 2014 WL 4948624, *4 (E.D. Pa. Oct. 1, 2014) (internal quotations omitted); *see also Family Financial Centers LLC v. Cox*, 14-5330, 2015 WL 790038, *4 (E.D. Pa. Feb. 25, 2015); *A.S. ex rel. Miller v. SmithKline Beecham*

*Corp.*, No. 13-3684, 2013 WL 4401352, *1-*2 (E.D. Pa. Aug. 16, 2013); *Lehr v. Stryker Corp.*, No. 09-2989, 2010 WL 3069633, *3 (E.D. Pa. Aug. 4, 2010). "When a plaintiff has not brought suit in his home forum, he must make a strong showing of convenience in order for his choice to be given deference." *Lehr*, 2010 WL 3069633 at *3 (internal quotations omitted).

Plaintiffs chose this venue "in the interest of calling live witnesses, who are not subject to subpoena power in Harrisburg," referring to the Ethicon Defendants who are primarily located in New Jersey. In response, the Ethicon Defendants waived the one hundred mile subpoena limitation of Fed.R.Civ.P. 45(c)(1)(A).[3] Plaintiffs' one hundred mile argument is no longer a reason to retain venue.

The Ethicon Defendants prefer the Middle District, arguing Plaintiffs could not be inconvenienced by litigating in their home forum. Plaintiffs argue it is easier for the Ethicon Defendants to litigate this matter here because it is geographically closer to their corporate headquarters in New Jersey. The Ethicon Defendants do not agree. They instead agree to waive the one hundred mile rule for witnesses within one hundred miles of the Eastern District of Pennsylvania. As such, Plaintiffs are not prejudiced. The Ethicon Defendants correctly argue that their forum preference can be given weight as long as it does not shift inconvenience to the Plaintiffs who, as noted, reside within the Middle District. *See e.g. Lehr*, 2010 WL 3069633 at *4; *Kiker*, 2014 WL 4948624 at *4-*5. Defendants' forum preference does not "merely shift the inconvenience" to Plaintiffs. This factor weighs in favor of transfer. *Kiker* at *4-*5.

---

[3] The Ethicon Defendants' counsel declared: "On behalf of the Ethicon Defendants, I affirm that Ethicon, Inc., Ethicon Endo-Surgery, Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson waive the 100 mile subpoena limitation pursuant to [Rule] 45(c)(1)(A), as it relates to employees located within 100 miles of the Eastern District of Pennsylvania at the time of subpoena issuance." (ECF Doc. No. 37-2 Murdica Decl. at ¶4).

Plaintiffs admit their injuries occurred in the Middle District. The Court is not persuaded by Plaintiffs' argument that the physical location of the sustained injuries should be given less weight because in products liability actions, there is no single "situs" of injury.[4] Even accepting Plaintiffs' argument that "this suit has ties to multiple states," thus rendering the third *Jumara* factor neutral, there is no allegation that any of these "ties" are in the Eastern District. Plaintiffs reside, and the surgery occurred, in the Middle District of Pennsylvania. This factor weighs in favor of transfer.

The fourth, fifth, and sixth *Jumara* factors relating to the convenience of parties, witnesses, and location of books and records all weigh in favor of transfer to the Middle District or are neutral factors. Plaintiffs reside in the Middle District. The Ethicon Defendants waived the one hundred mile subpoena limitation for their witnesses. Both these factors weigh in favor of transfer. The parties agree that the "location of books and records" factor is neutral. There is no dispute that Plaintiffs' doctors and medical records are located in the Middle District. The Court notes the significant discussion regarding electronic discovery during the initial pretrial conference. This production can occur in either fora. *See e.g. Lehr*, 2010 WL 3069633 at *6.

Plaintiffs contend that all but the third and sixth *Jumara* public interest factors are neutral. Plaintiffs argue that the third factor - court congestion[5] - and the sixth factor - the trial

---

[4] Plaintiffs argue that this matter should remain in this District because "the facts relevant to this case occurred in multiple states;" Pennsylvania "where Plaintiffs reside and where [Mrs. Sanders] was injured" and "New Jersey, Ohio, and Minnesota where Defendants maintain their principal places of business" and allegedly made manufacturing, labeling, distribution, and marketing decisions regarding the power morcellator device. (ECF Doc. No. 36-13, 6-7)

[5] Each of the parties cites statistics to support the "court congestion" factor. Plaintiffs, citing Administrative Office court statistics, contend that in 2014 the median time in civil cases from filing to disposition was four (4) months in the Eastern District and ten (10) months in the Middle District. However, for that same time period, the median time from case filing to trial was nearly the same; 24.7 months in the Eastern District compared to 25.3 months in the Middle District. Defendants cite to

judge's familiarity with the applicable state law in diversity cases - weigh against transfer. On the sixth factor, Plaintiffs argue that the judges in either venue will determine choice-of-law issues. This factor is neutral. Plaintiffs have not articulated how this factor weighs against transfer.

Plaintiffs also argue the "very strong public policy to have witnesses testify live at trial." Plaintiffs do not explain how this relates to the applicability of other states' laws in this diversity case. At any rate, this concern is resolved by the Ethicon Defendants' waiver of the one hundred mile rule. Defendants contend that all but the fourth *Jumara* public interest factor - local interest in deciding local controversies at home - are neutral. The Ethicon Defendants, citing *Lehr*, argue that the fourth *Jumara* factor weighs in favor of transfer to the Middle District because that court has an interest in adjudicating claims arising there. We find, persuaded by Judge Slomsky's well-reasoned decision in *Lehr*, that the fourth *Jumara* public factor weighs in favor of transfer.

***Conclusion***

*Jumara's* private and public factors favor transfer "[f]or the convenience of parties and witnesses, in the interest of justice" to the Middle District of Pennsylvania. Plaintiffs' injuries occurred in the Middle District and Plaintiffs reside there. The Ethicon Defendants certify that they waive the one hundred mile subpoena limits for their employee witnesses located within one hundred miles of the Eastern District of Pennsylvania. As such, Plaintiffs' only claimed prejudice from a transfer is resolved. The accompanying Order transfers this matter to the United States District Court for the Middle District of Pennsylvania.

---

statistics from the United States Courts' website showing, for period ending March 31, 2014, that the Eastern District had 3.6 times as many pending cases as the Middle District. In any case, this factor is neutral.